**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOSE GALLIMORT,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN SANDOVAL *et al*.,<br><br>    Defendants. | 2:17-cv-02712-APG-VCF<br>**ORDER AND REPORT & RECOMMENDATION**<br><br>MOTION REQUESTING SCREENING ORDER [ECF NO. 5] |

  Before the Court is pro se Plaintiff Jose Gallimort's ("Plaintiff") Motion Requesting Screening Order (ECF No. 5) of his complaint (ECF No. 1-1). For the following reasons, Plaintiff's motion to screen his complaint is granted. Based on the screening however, the Court recommends that Plaintiff's complaint be dismissed as not ripe.

**BACKGROUND**

  On October 26, 2017, the undersigned Magistrate Judge denied Plaintiff's application to proceed to proceed *in forma pauperis* because the application was incomplete. (ECF No. 3). Page 1 of the order states "[t]he Court will retain Plaintiff's civil rights complaint (ECF No.1-1), but will not file it until the matter of payment of the filing fee is resolved." (*Id.*). Plaintiff paid a $400 filing fee on November 13, 2017. (ECF No. 13). The Clerk of the Court has not filed Plaintiff's complaint with the Court. In his motion to screen, Plaintiff requests the Court to screen his § 1983 complaint against several named defendants for allegations of false imprisonment. (*See* ECF No. 1-1 at 1).

  Plaintiff is a prisoner at High Desert State Prison and has allegedly been incarcerated since 1997. (ECF No. 1-1 at 7). Plaintiff alleges that at the time of his arrest, he did not speak English and was held

without a court proceeding for 5 days.[1] (*Id.* at 7-8). Plaintiff alleges that he "is actually innocent" and that his current imprisonment is unlawful. (*See id.* at 12). Plaintiff's complaint seeks damages under 42 U.S.C. § 1983 against several Nevada government officials alleging they are all "equally liable" for his 20 years of allegedly unlawful incarceration. (*See id.* at 11).

## DISCUSSION

### 1. Screening Standard

When a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity, the Court conducts a preliminary screening of the prisoner's complaint pursuant to 28 U.S.C. § 1915A. The Court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or if the complaint "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). When a complaint "lacks an arguable basis either in law or in fact," it is frivolous and subject to dismissal. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citations omitted). Courts must liberally construe pleadings drafted by pro se litigants. *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of the law." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The Court should dismiss a plaintiff's § 1983 claim, "if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Id.* at 1036. "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir 2012). Dismissal is thus appropriate where a complaint fails to allege sufficient factual

---

[1] Plaintiff alleges he was arrested on Wednesday November 5, 1997 and did not make an initial appearance until Monday, November 10, 1997.

matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's complaint seeks damages from several government officials and entities for allegedly imprisoning him falsely. (ECF No. 1-1). Thus, the Court grants Plaintiff's request to screen his complaint. Plaintiff asserts his current incarceration is unlawful based on five separate grounds, which are discussed below.

### a. **Claims 3, 4, and 5**

In the third, fourth and fifth claims of Plaintiff's complaint, Plaintiff challenges the Constitutionality of his imprisonment based on three issues. First, Plaintiff alleges he was improperly Mirandized, constituting a 5th Amendment violation, because he "didn't know English at the time [and] wasn't given an interpreter." (ECF No. 1-1 at 12). Next, Plaintiff alleges that he "requested several times for the DNA evidence to be re-tested…in order…to prove his own innocence." (*Id.* at 13). Plaintiff alleges that his inability to prove his own innocence is in violation of the 5th, 8th and 14th Amendments. (*Id.*). Finally, Plaintiff alleges, "his conviction is & was based on falsehood. Because the testimony the state relied upon…was in fact false testimony" in violation of his "Constitutional rights." (*Id.* at 14). For all of these claims, Plaintiff alleges, "Defendants 1 through 16[2]…have and/or indirectly at some point played a part in Gallimort's false imprisonment because Gallimort is actually innocent." (*See id.* at 13).

A cornerstone of justiciability in federal courts is ripeness. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 670 n. 2 (2010). The Court considers "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration" to determine if a case is ripe for review. *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983) (citations and punctuation omitted). "Whether a dispute is sufficiently ripe to be fit for judicial

---

[2] Plaintiff lists the following individuals as Defendants "1-16": Brian Sandoval, Adam Laxalt, Jamez Dzurenda, Brian Williams Sr., Las Vegas Metropolitan Police Dept., John Doe #1, Jonell Thomas, Clark County Commissioners board, Lawrence Weekly, Chris Giunchigliani, Steve Sisolak, John Doe #2, John Doe #3, John Doe #4, John Doe #5.

decision depends not only on the state of the factual record. It depends also on the substantive legal question to be decided." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1212 (9th Cir. 2006). To bring a ripe claim under § 1983, a prisoner must first prove his conviction or imprisonment has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

A prisoner may not bring a claim under § 1983 to challenge "the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Thus, a state prisoner's exclusive remedy to challenge the "fact or duration of his confinement" is a writ of habeas corpus. *Heck*, 512 U.S. at 480; *see also Tung v. Brown*, No. 1:13-CV-00269-AWI, 2015 WL 3407835, at *6 (E.D. Cal. May 26, 2015) ("When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.").

As a threshold issue, Plaintiff's claim is not ripe for the Court to review and thus fails to state a claim upon which the Court may grant relief. This case would require the Court to make a ruling on the validity of Plaintiff's confinement. Plaintiff has not alleged that his conviction or sentence has been invalidated. (ECF No. 1-1 at 1). Throughout the complaint, Plaintiff "asserts his own actual innocence" (*See id.* at 14), and that he "is sure [a new] DNA test will exonerate him." (*Id.* at 13). These assertions make it clear to the Court that Plaintiff's claim for damages is an attempt to challenge his confinement. Until Plaintiff's conviction has been invalidated, his complaint seeking damages under § 1983 is not ripe for review. At this time, Plaintiff's only course to challenge his confinement would be a petition for writ of habeas corpus. Therefore, the Court should dismiss Plaintiff's complaint as not ripe.

    b. **Claims 1 and 2**

Plaintiff's remaining claims are based on the Nevada Constitution's "Enactment Clause." (ECF No. 1-1 at 9). Plaintiff alleges that because the Nevada Revised Statutes ("NRS") "[were] created by a

'Nevada Revision Commission' instead of the legislature," the state of Nevada cannot legally convict and imprison an individual based upon a violation of the NRS. (*Id.*).

Federal courts are courts of limited jurisdiction and may only hear cases that present a justiciable case or controversy. U.S. Const. art. III, § 2. Federal courts maintain original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Courts have supplemental jurisdiction over claims that do not fall under the Court's original jurisdiction if those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." *Id.* § 1367(a). This, however, is discretionary, and the Court may decline to exercise supplemental jurisdiction over these state claims when the Court dismisses all claims over which it has original jurisdiction or if there are other compelling reasons for declining to exercise jurisdiction. *Id.* § 1367(c).

Plaintiff's challenge to the enforceability of the NRS is an issue of state law over which the Court has no original jurisdiction. The Court should decline to exercise supplemental jurisdiction over Plaintiff's challenges to the NRS because the Court should dismiss all of the claims over which original jurisdiction exists. Even if the Court were to exercise supplemental jurisdiction over these claims, the Court should dismiss Plaintiff's claims as frivolous because they lack an arguable basis in law.[3]

## CONCLUSION

ACCORDINGLY,

IT IS ORDERED, that Plaintiff's Motion Requesting Screening Order (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Clerk of the Court is directed NOT to issue summons on the complaint at this time, pending an order by the District Judge regarding the recommendation in this case.

---

[3]The Nevada Court of Appeals has repeatedly rejected the argument that NRS is invalid pursuant to the Enactment Clause and the Statute Revision Commission. *Joseph v. Williams*, No. 7084, 2017 WL 3707316, at *1 (Nev. App. Aug. 16, 2017) (finding the Nevada Revised Statutes are not bound by the enacting clause); *Garcia v. Williams*, No. 71006, 2017 WL 1438690, at *1 (Nev. App. Apr. 19, 2017) (same); *Buchanan v. State*, No. 70578, 2017 WL 1215960, at *2 (Nev. App. Mar. 23, 2017) (claims regarding the constitutionality of the Statute Revision Commission do not implicate the jurisdiction of the courts).

IT IS RECOMMENDED, that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED without prejudice and Judgement entered, accordingly.

IT IS SO ORDERED and RECOMMENDED.

### NOTICE

Pursuant to Local Rules IB 3-1, a party may object to orders and reports and recommendations issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 26th day of June, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE